UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONY LAMMART HARRIS,

    Petitioner,

v.                                    CASE NO. 6:07-cv-1468-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. (Doc. No. 2, filed Sept. 12, 2007.) Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. (Doc. No. 11, filed Oct. 11, 2007.) Thereafter, Respondents filed a response to the petition for writ of habeas corpus with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. (Doc. No. 13, filed Nov. 13, 2007.) In their response, Respondents assert that Petitioner presented thirteen alleged instances of ineffective assistance of counsel in support of cumulative error but failed to present his cumulative error claim to the state courts. *Id*. at 11. Therefore, Respondents maintain that Petitioner's cumulative error claim is procedurally defaulted. *Id*. at 11-12.

Petitioner filed a reply to the response and motion asking this Court to dismiss his case without prejudice so he could file an amended Rule 3.850 motion in state court. (Doc. No. 17, filed

Dec. 19, 2007.) On December 27, 2007, this Court denied Petitioner's motion and ordered the parties to show cause why this case should not be dismissed as a mixed petition. (Doc. No. 18.)

Respondents contend that although Petitioner's thirteen-part cumulative error claim is unexhausted, the Amended Rule 3.850 motion would be denied as "successive and an abuse of procedure." (Doc. No. 19, filed Jan. 16, 2008.) Thus, according to Respondents, Petitioner's cumulative error claim is procedurally defaulted and the instant petition is not a mixed petition. *Id* at 3. Petitioner responded by filing a Motion to Stay Habeas Corpus Proceeding Pending Exhaustion of Claims in State Court. (Doc. No. 20, filed Jan. 18, 2008.) In his motion, Petitioner alleges that he has filed an amended Rule 3.850 motion in state court as well as a petition for writ of habeas corpus in the Florida Fifth District Court of Appeal. (Doc. No. 20, filed Jan. 18, 2008.)

## ANALYSIS

Although Respondents maintain that Petitioner's amended Rule 3.850 motion will be denied by the state court as successive, that is not for this Court to decide.

It is apparent from the record that if this Court were to dismiss the case without prejudice allowing Petitioner to refile after exhaustion of his pending state court claims, his refiled petition would be untimely. Contrary to the dates Respondents cite in their response, a review of the record indicates that Petitioner only had until November 7, 2007, to file his federal habeas corpus claim.

On November 23, 2004, Petitioner was convicted of possession of a firearm by a thrice-convicted felon and received a sentence of life imprisonment. Petitioner's judgment and sentence were *per curiam* affirmed on February 7, 2006. (App. D); *see also Harris v. State*, 923 So.2d 512 (Fla. 5th DCA 2006). Thereafter, Petitioner had 90 days in which to appeal before his conviction

became final. This 90-day period expired and Petitioner's judgment and sentence became final on May 8, 2006.

Pursuant to § 2244(d)(1)A), Petitioner had one year, absent any tolling, from the date his conviction became final to file his federal habeas corpus petition. On July 13, 2006, 66 days after the one year began to run, Petitioner filed his motion for post-conviction relief.[1] (App. F at 20-38.) On September 13, 2006 the trial court summarily denied all relief. (App. F at 138-143.) The trial court's order was *per curiam* affirmed on December 26, 2006 (App. I), and mandate was issued on January 12, 2007. (App. J); *see also Harris v. State*, 945 So. 2d 522 (Fla. 5th DCA 2007).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's Rule 3.850 motion was properly filed, the time was tolled until the Rule 3.850 proceedings were concluded on January 12, 2007. At that point the 299 remaining days began to run. Petitioner had through November 7, 2007 (299 days from January 12, 2007) to file his federal habeas corpus petition. Thus, Petitioner timely filed his federal habeas corpus petition on May 29, 2007.[2] (Doc. No. 2.)

Given that Petitioner would be unable to refile a timely federal habeas corpus petition if this Court were to dismiss this case without prejudice, the two remaining options are to grant Petitioner's

---

[1] Although the motion was actually filed with the state trial court on July 17, 2006, under the "mailbox rule," it appears that the motion would be deemed filed on July 13, 2006, the date when the motion was signed and, presumably, was submitted to the prison authorities. *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

[2] The Court notes that the time that the instant petition has been pending does not toll the one-year period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)

motion to stay or dismiss his unexhausted claims and consider the remaining exhausted claims in this proceeding.

Petitioner's response indicates that he intends to exhaust his unexhausted claims in state court. Given that a dismissal without prejudice at this stage could essentially preclude Petitioner from pursuing his claims in federal court and the substantial interest in having state courts consider the claims, this Court finds that Petitioner has provided good cause for staying these proceedings. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Thereon, it is it is **ORDERED AND ADJUDGED:**

(1) Petitioner's request to stay and hold proceedings in abeyance pending conclusion of a state court action (Doc. No. 6) is **GRANTED**, and this case is **STAYED** pending final resolution of the pending state court proceedings.

(2) Petitioner shall file a motion to reopen this case within **THIRTY (30) DAYS** after a final decision has been rendered regarding the state court Rule 3.850 and state habeas corpus proceedings.

(3) The Clerk of the Court is directed to administratively close this case.

(4) **Petitioner is advised that failure to comply with the requirements of this Order may result in dismissal of this case without further notice.**

**DONE AND ORDERED** at Orlando, Florida this 4th day of February, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 2/4
Tony Lammart Harris
Counsel of Record